IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FELIPE BEDOLLA,

                              Plaintiff,

          v.                                    CASE NO. 06-3011-RDR

CORRECTIONS CORPORATION OF AMERICA,

                              Defendant.


O R D E R

Plaintiff proceeds pro se on a form civil complaint for filing under 28 U.S.C. § 1331.  Plaintiff submitted the complaint while confined in a Kansas facility operated by the Corrections Corporation of America (CCA).  Plaintiff has paid the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1), and is granted leave to proceed in forma pauperis.  Plaintiff remains obligated to pay the remainder of the $250.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).

In this action, plaintiff cites a personal history of intensive headaches.  He claims CCA staff has denied him reasonable medical treatment for his headaches, and has refused to disclose the results

of an MRI and/or CAT scan that was taken of plaintiff.  Plaintiff alleges medical malpractice, and seeks damages, appropriate medical testing to determine the cause of his headaches, and to be informed of the result of his medical scan.[1]  Having reviewed the record and these allegations, the court finds the complaint should be dismissed.[2]

Under 28 U.S.C. § 1331, a federal court has subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  *See* 28 U.S.C. § 1331 (federal question jurisdiction).  This includes an action against federal officials for the alleged deprivation of an individual's constitutional rights.  See *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971).  To establish a *Bivens* cause of action, a party must have some evidence to support a finding that a federal agent acting under color of such authority violated some cognizable constitutional right of plaintiff.  *Id*. *See* *Seigert v. Gilley*, 500 U.S. 226 (1991)(to support a *Bivens* claim, alleged conduct must rise to level of constitutional violation).  Plaintiff's allegations fail to establish any such claim.

---

[1]Court records disclose that plaintiff also sought medical testing and treatment for severe headache pain in a motion filed in his criminal case, *see* U.S. v. Bedolla-Izazaga, Case No. 04-40001-SAC (Doc. 149), and that the court in that criminal action denied the request.

[2]After filing this complaint, plaintiff was convicted and sentenced on federal criminal charges. *See* U.S. v. Bedolla-Izazaga, Case No. 04-40001-SAC.  Because it appears plaintiff is no longer at the CCA facility, his claim for injunctive relief is moot.  *See* Martin v. Sargent, 780 F.2d 1334 (8th Cir. 1985)(claim for injunctive relief moot if no longer subject to conditions).  *See also*, Cox v. Phelps Dodge Corp., 43 F.3d 1345, 1348 (10th Cir. 1994)(declaratory relief subject to mootness doctrine).

2

Significantly, plaintiff's claim of medical malpractice states no claim on which relief can be granted under <u>Bivens</u>. Absent sufficient factual allegations that the intentional or reckless conduct of a federal official caused the plaintiff's injury, a negligence claim of medical malpractice states no cognizable constitutional claim. <u>Daniels v. Williams</u>, 474 U.S. 327, 328-31 (1986); <u>Davidson v. Cannon</u>, 474 U.S. 344 (1986). *See* <u>Bryson v. City of Edmond</u>, 905 F.2d 1386, 1390 (10th Cir. 1990)(more than mere negligence required for constitutional deprivation in civil rights action).

Additionally, there is no cause of action under <u>Bivens</u> against CCA, the only defendant named in the complaint. *See* <u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61 (2001)(no implied private right of action for damages against private entities engaged in alleged constitutional violations while acting under color of federal law).

Although plaintiff is required to fully exhaust available administrative remedies on his claims prior to bringing them to the federal court, *see* 42 U.S.C. § 1997e(a), and his showing of exhaustion in this case is far from sufficient,[3] the court finds dismissal of the single claim in the complaint is warranted without first requiring proper exhaustion of administrative remedies. *See*

---

[3]Plaintiff cites a single grievance dated December 1, 2005, without any documentation or additional information, to which plaintiff states he received no response. This showing is insufficient to satisfy the demands of § 1997e(a). *See* <u>Steele v. Federal Bureau of Prisons</u>, 355 F.3d 1204, 1210 (10th Cir. 2003)(pleading requirement imposed by 1997e(a) requires a prisoner to attach a copy of applicable administrative dispositions to the complaint, or to "describe with specificity the administrative proceeding and its outcome"), *cert. denied* 543 U.S. 925 (2004).

42 U.S.C. § 1997e(c)(2)("In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune form such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.").

For these reasons, and because allowing plaintiff an opportunity to amend the complaint would likely be futile in curing the deficiencies identified herein, the court concludes the complaint should be dismissed as stating no claim for relief. *See* 28 U.S.C. 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that complaint is dismissed as stating no claim for relief.

The clerk's office is to provide a copy of this order to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 28th day of July 2006 at Topeka, Kansas.


 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge